NOT FOR PUBLICATION

## DISCTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

DAVID KENDRICKS,

    Plaintiff,

v.

THE HERTZ CORPORATION,

    Defendant.

CIVIL NO. 2005/0164

### MEMORANDUM OPINION

FINCH, Judge.

THIS MATTER COMES before the Court on Plaintiff's Appeal From Magistrate's Order Dated May 17, 2006 Transferring the Case to the District Court of Rhode Island (Docket No. 35). Plaintiff seeks an order from this Court vacating the Magistrate's Judge's ruling contending that the ruling was clearly erroneous and contrary to law. After careful consideration and review, the Court issues the following ruling.

**I.**

On May 17, 2006, Magistrate Judge Cannon entered an order granting Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a).[1] In this appeal, Plaintiff argues, *inter alia*, that Defendant did not support its motion to transfer with proper documentary evidence as required by the Third Circuit, and thus, did not meet its burden of showing a need for a transfer. With regards to nondispositive matters, such as the

---

[1] Under 28 U.S.C. § 1404(a), the district court may transfer any civil action to any other district or division where it might have been "[f]or the convenience of parties and witnesses, in the interest of justice."

instant matter, a district court may modify or set aside any portion of a magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LRCi. 72.1; *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992).

Recognizing that the burden of the need establishing a transfer rests with the defendant, the Third Circuit, in *Plum Tree, Inc. v. Stockmet*, 488 F.2d 754 (3d Cir. 1973), vacated a district court transfer order on the basis that the defendants did not support their motion with appropriate supporting documents such as affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements of a transfer under 28 U.S. § 1404(a). *Id.* at 756-57. There, the court stated:

> Defendants, having the burden of proof, did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements of transfer under 28 U.S.C. § 1404(a). Nor did they submit any briefs or make any oral argument demonstrating that facts existed which were sufficient to justify a transfer. Thus, the transfer order was based entirely on the facts and conclusions asserted in defendants' motion.

*Id.* However, the court remanded the issue to the district court to allow the defendants the opportunity to renew their motion with appropriate supporting documentation. *Id.* at 757.

In this case, there is no evidence on the record that Defendant provided the Magistrate Judge with proper supporting documentation. Thus, to the extent that the Magistrate Judge's transfer order was based on unsupported facts, it was clearly erroneous. Defendant, however, has submitted the affidavit of Richard P. McEvily, Staff Vice-President and Deputy General Counsel for Hertz in opposition to Kendricks' appeal for this Court's consideration. The Court finds that it would be inappropriate to consider

new evidence that was not before the Magistrate Judge in making a determination on whether the Magistrate Judge's ruling was clearly erroneous or contrary to law. *See Haines v. Liggett Group Inc.*, 975 F.2d 81 (3d Cir. 1992) (stating district court is not permitted to receive new evidence in reviewing magistrate's ruling on non-dispositive matter). Accordingly, the Magistrate Judge's Order will be set aside.

## II.

For the reasons stated above, the Court will **GRANT** Plaintiff's appeal and set aside the Magistrate Judge's Order dated May 17, 2006. However, this ruling will be made without prejudice to the Defendant, allowing it the opportunity to renew its motion to transfer, with appropriate supporting documents as required by the Third Circuit. *See Plum Tree*, 488 F.2d 754; *AAMCO Automatic Transmission, Inc. v. Hagenbarth*, 296 F.Supp. 1142, 1144 (E.D.Pa. 1968) (denying motion to transfer without prejudice to allow defendant opportunity to file affidavits). An appropriate Order will follow.

ENTER:

DATED: October 30, 2006

RAYMOND L. FINCH
DISTRICT COURT JUDGE

**ATTEST:**
Wilfredo F. Morales
Clerk of the Court

By: _____
Deputy Clerk

cc: George W. Cannon, Jr., Magistrate Judge
   Lee J. Rohn, Esq.
   Chetema Lucas Francis, Esq.