UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID KENDRICKS              :
                             :
         v.                  :    C.A. No. 06-252S
                             :
THE HERTZ CORPORATION        :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      Pending before the Court for a report and recommendation is Defendant's Motion to Dismiss for Failure to Comply with a Court Order. (Document No. 10). Plaintiff has not filed an objection to the Motion pursuant to Local Rule Cv 7(b)(1). A hearing was held on August 25, 2009. Neither Plaintiff nor counsel appeared at the hearing to oppose Defendant's Motion. For the following reasons, I recommend that Defendant's unopposed Motion to Dismiss (Document No. 10) be GRANTED.

      Plaintiff David Kendricks originally filed his Complaint in the United States District Court for the District of the Virgin Islands. Plaintiff alleges that he rented a vehicle from Defendant in Boston, Massachusetts on May 7, 2005. On May 11, 2005, while operating the vehicle in Rhode Island, Plaintiff alleges that he lost control of the car when the rear axle came off the vehicle. Plaintiff asserts that his rental car was in a defective and dangerous condition, that Defendant knew or should have known it, and that Defendant failed to warn him. Plaintiff alleges personal injuries and lost income as a result.

In response to Plaintiff's Complaint, Defendant moved to transfer the case to the United States District Court for the District of Rhode Island based on forum non conveniens. The Virgin Islands District Court granted the Motion on August 18, 2008 and the case was transferred to this Court.

On April 8, 2009, District Judge Smith held a telephone conference with the attorneys of record for both parties before the Virgin Islands District Court and with Defendant's local attorney. Plaintiff did not have a local attorney. Thus, pursuant to Local Rule Gen. 201, Judge Smith ordered Plaintiff on April 8, 2009 to "either obtain local counsel OR inform the court if he intends to move forward with the case representing himself (pro se)." Plaintiff was required to comply with Judge Smith's Order on or before May 8, 2009. He did not. Defendant then filed its Motion to Dismiss on June 10, 2009.

**Argument**

Federal Civil Procedure Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The First Circuit has held that a district court "as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenzo v. Departmento De Asuntos Del Consumidor, 312 F.3d 522, 525-526 (1st Cir. 2002) (district courts "must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants") (citation omitted). See also Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) ("disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal"); and

Symeonidis v. Paxton Capital Group. Inc., 220 F. Supp. 2d 478, 486 (D. Md. 2002) (granting motion to enter default against defendant for its failure to have new counsel enter an appearance on its behalf).

In Cintron-Lorenzo, the First Circuit noted that "a party's 'first obligation is to make every effort to comply with the court's order. The second is to seek consent if compliance is, in fact, impossible. And the third is to seek court approval for noncompliance based on a truly valid reason." 312 F.3d at 527 (quoting Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983)). In this matter, it is undisputable that Plaintiff has failed to comply with the Court's April 8, 2009 Order. Plaintiff has not had local counsel appear on his behalf and has not advised the Court that he will represent himself pro se. Plaintiff did not move for additional time to comply with the Court's Order prior to the May 8, 2009 deadline or at any time. Plaintiff has not provided any valid reason for his noncompliance with the April 8, 2009 Order. Plaintiff (on his own or through counsel) has not filed an objection to Defendant's Motion to Dismiss, did not appear at the hearing on such Motion and has not communicated with the Court in any manner about this issue. Thus, I recommend that Defendant's Motion be GRANTED due to Plaintiff's unexplained and unexcused failure to comply with Judge Smith's April 8, 2009 Order.

**Conclusion**

For the foregoing reasons, I recommend that the District Court GRANT Defendant's Motion to Dismiss (Document No. 10), DISMISS Plaintiff's Complaint with prejudice and enter FINAL JUDGMENT in favor of Defendant. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.

See Fed. R. Civ. P. 72(b); LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 25, 2009